IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL M. NIGL,

                      Plaintiff,

      v.

JON LITSCHER, MICHAEL MEISNER,
STEVEN SCHUELER, ANDREW WESNER,
DAISY CHASE and RANDALL HEPP,

                      Defendants.

OPINION AND ORDER

19-cv-105-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Paul Nigl, who is incarcerated at the Fox Lake Correctional Institution, is proceeding on claims that defendants violated his rights under the First Amendment by issuing or approving conduct reports against him in retaliation for his seeking to exercise his right to intimate association with a psychologist employed by the Department of Corrections. The following matters are before the court: (1) two letters in which plaintiff alleges that prison officials are preventing him from drafting legal documents in support of his case, dkt. #13 and 15; and (2) plaintiff's objection to Magistrate Judge Peter Oppeneer's denial of plaintiff's request to pay the remainder of his filing fee out of his release account, dkt. # 14. For the reasons below, I decline to advise non-defendant prison officials about plaintiff's right to prepare or send certain documents and I deny his objection to the magistrate judge's order.

OPINION

1

A.  Interference with Legal Documents

Plaintiff alleges that two prison librarians, A. Kettner and Director Epplett, forced him to delete from his thumb drive a declaration that he was drafting for witness Sandra Johnston to sign, threatening him with a conduct report for violating Wis. Admin. Code § DOC 303.41 relating to the counterfeiting and forgery of documents. He also alleges that prison officials removed from his outgoing mail a notice of appeal that he attempted to send to Johnston related to a state court decision regarding the prison's denial of their request to marry. Plaintiff suggests that Deputy Warden Radtke knew about or was otherwise involved in both incidents.

Although plaintiff alleges that the actions set out above were taken in retaliation for his filing this lawsuit, he does not seek to amend his complaint at this time to add any retaliation or access to the court claims. In any event, plaintiff should be aware that this court is generally reluctant to allow prisoners to supplement or amend their complaints to include new claims that they have been retaliated against for filing the underlying lawsuit. Atkinson v. Mackinnon, 2015 WL 13658057, at *1-2 (W.D. Wis. Oct. 29, 2015) ("These types of retaliation claims risk delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of retaliation that may occur while the lawsuit progresses."); Fitzgerald v. Greer, 2007 WL 5490138, at *1 (W.D. Wis. Apr. 2, 2007) ("[A]llowing ongoing claims of retaliation to be added to a lawsuit as the lawsuit progresses could result in a lawsuit's life being extended indefinitely."); Upthegrove v. Kuka, 2005 WL 2781747, at *2 (W.D. Wis. Oct. 21, 2005) (noting that court would deny leave

to add retaliation claims to "avoid complication of issues which can result from an accumulation of claims in one action").

Plaintiff wants the court to inform the librarians that he is not violating § DOC 303.41. However, the events that plaintiff describes took place between him and third parties not named in this lawsuit, no conduct report was issued against plaintiff and the notice of appeal allegedly removed from plaintiff's outgoing mail relates to a separate lawsuit in state court. A federal court cannot issue advisory opinions about abstract legal questions that are not part of the controversy before it. Golden v. Zwickler, 394 U.S. 103, 108 (1969). Therefore, I decline to instruct the librarians on the proper scope of § DOC 303.41 or reach any conclusion about whether plaintiff's drafting of a declaration for another person to sign violates that provision.

Finally, it does not appear that the declaration-related issue will prevent plaintiff from litigating his case. Plaintiff does not allege that anyone has prevented him from communicating with Johnston altogether, so he may ask Johnston to draft and sign her own declaration in support of his claims. If plaintiff faces any further problems at the prison regarding his ability to prepare his case, he should first contact his defense counsel. If those efforts to resolve the problem are not successful, he may file a motion with the court.

B. Release Account Funds

Plaintiff has filed a document entitled "Objection to Magistrate Judge's March 26, 2019 Order," in which plaintiff was denied permission to use his release account funds to

pay the entire filing fee for this case. Plaintiff and his former co-plaintiff, Sandra Johnston, raised a similar objection in case no. 18-cv-882. As I explained in that case, "[a]bsent some authority requiring the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons." Artis v. Meisner, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015). Although state courts in Wisconsin have allowed inmates to pay litigation fees and costs from release accounts, the statutory basis for those rulings is a state law not applicable to federal cases, which are governed by the federal Prison Litigation Reform Act. Id. at *6 ("The court recognizes that Wisconsin has taken a more liberal approach in ordering the payment of litigation-related fees from release accounts, but that distinction is justified by the textual differences between the Wisconsin PLRA and the federal PLRA.").

The federal Prison Litigation Reform Act provides that courts "shall . . . collect . . . an initial partial filing fee," and that prisoners "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(1) and (2). The statute does not give federal courts authority to force the state to pay the remainder of an inmate's filing fee in a lump sum directly from his release account instead of from his regular account. In addition, federal courts do not have authority to enjoin state officials under state law. Smith v. Hepp, no. 17-cv-396-bbc, 2017 WL 4712229, at *2 (W.D. Wis. Oct. 18, 2017) ("It is up to prison officials to decide how to apply the release account regulations; this federal court generally cannot tell state officials how to apply state law.") (citing Pennhurst State School & Hospital v. Halderman, 465 U.S.

89 (1984)); Sherin v. Pugh, No. 11-cv-772, 2013 WL 4776462, at *2 (W.D. Wis. Sept. 5, 2013) ("While the Supremacy Clause of the United States Constitution requires state law to give way to a competing federal law in rare instances, there is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit.").

Accordingly, I will deny plaintiff's objection to the magistrate judge's March 2019 order. Plaintiff is free to try to persuade Department of Corrections officials to give him access to funds in his release account or to file a petition for a writ of certiorari in state court.

ORDER

IT IS ORDERED that Plaintiff Paul Nigl's request for court intervention, dkt. ##13 and 15, and objections to Magistrate Judge Peter Oppeneer's March 26, 2019 order, dkt. # 14, are DENIED.

Entered this 28th day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge