IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL NIGL,

                                      OPINION AND ORDER

                Plaintiff,

                                          19-cv-105-bbc

    v.

JON LITSCHER, MICHAEL MEISNER,
STEVEN SCHUELER, ANDREW WESNER,
DAISY CHASE and RANDALL HEPP,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Paul Nigl, who is incarcerated at the Fox Lake Correctional Institution, is proceeding on claims that defendants violated his rights under the First Amendment by issuing or approving two conduct reports against him in retaliation for his seeking to exercise his right to intimate association with a psychologist employed by the Department of Corrections. Before the court is defendants' motion for summary judgment, in which they contend that plaintiff failed to exhaust his administrative remedies. Dkt. #26. Also before the court is plaintiff's motion to amend his complaint to substitute Deidre Morgan, the former Deputy Secretary of the Department of Corrections, for defendant Jon Litscher, the former Secretary of the Department of Corrections, because it was Morgan and not Litscher who approved the conduct reports against him. Dkt. #34. For the reasons below, I am granting the motion for summary judgment and dismissing this case. Plaintiff's motion to amend his complaint will be denied as moot.

From the affidavits, disciplinary records and inmate grievance materials that the

parties submitted, I determine that the following facts are undisputed.

UNDISPUTED FACTS

Plaintiff Paul Nigl is currently incarcerated at the Fox Lake Correctional Institution. He previously was incarcerated at the Redgranite Correctional Institution from September 30, 2015 to June 27, 2018. During his incarceration at Redgranite, plaintiff received the two conduct reports that are the subject of this lawsuit.

A.  Conduct Report No. 2733013

On November 30, 2015, defendant Daisy Chase, a corrections unit supervisor, filed conduct report no. 2733013 against plaintiff, asserting that he had solicited her in violation of Wis. Admin. Code § 303.30, by asking her for special consideration in approving him for visitation with a former correctional employee, Dr. Sandra Johnston. Dkt. #28-2 at 1-2. (Johnston had provided psychological services to plaintiff at the Waupun Correctional Institution from October 2014 to January 2015, when she stopped working at the prison. She was rehired by the Department of Corrections in July 2015.)

According to plaintiff, on or about December 1, 2015, Correctional Officer Corey Heft (not a defendant) delivered a copy of conduct report 2733013 to plaintiff and explained the newly implemented rules relating to discipline and the grievance process. Heft told plaintiff that he could not appeal an uncontested major disposition to which he had agreed and that he could not use the inmate complaint review system to raise any issue

related to a conduct report, except to challenge the procedure used in the disciplinary process. After speaking with Heft, plaintiff signed a form dated December 1, 2015, waiving his right to a contested major disciplinary hearing and admitting his guilt. Dkt. #28-2 at 3. He received a 30-day disciplinary separation.

Also on December 1, 2015, plaintiff wrote to the warden, defendant Michael Meisner, to ask for a "warden-initiated review pursuant to DOC 303.89 and DOC 303.73(13)" (review of disciplinary separation) with respect to the conduct report. Plaintiff challenged the merits of the conduct report, contending that he did not solicit defendant Chase and "merely requested Ms. Chase to perform her 2nd level duty" regarding visitor approval. Dkt. #29-2 at 1. Plaintiff did not assert that Chase issued the conduct report as a retaliatory act. On December 3, 2015, Meisner responded that although a warden has the discretion to initiate a review of the decision and disposition of a conduct report, one is not required in response to an inmate-initiated request. Id. at 2.

B. Conduct Report No. 2733030

On December 18, 2015, defendant Andrew Wesner, a correctional captain, filed conduct report no. 2733030 against plaintiff, asserting that plaintiff violated Wis. Admin. Code § 303.19 (stalking) and § 303.30 (soliciting an employee) by locating Johnston's address without her knowledge in January 2015 and then writing and calling her on a regular basis throughout 2015. Dkt. #28-1 at 1-2. On December 21, 2015, plaintiff waived his right to a contested major disciplinary hearing and admitted his guilt. Id. at 3. He received

a 60-day disciplinary separation.

On December 21, 2015, plaintiff submitted an inmate complaint RCGI-2015-24024 with respect to the conduct report, contending that his due process rights were violated because Wesner both wrote the report and summarily disposed of it. As relief, plaintiff asked that the conduct report be reissued by an impartial party and reheard. Dkt. #28-4 at 8. (Plaintiff submitted a duplicative inmate complaint on December 28, 2015.) While the inmate complaint review process was ongoing, plaintiff also wrote to Warden Meisner on December 21, 2015, stating that:

> Today I signed conduct report # 2733030. Capt. Wesner was both the conduct report writer and the one who found me guilty summarily. I believe that constitutes a violation of my due process rights. I would ask that the conduct report be re-issued to me.

Dkt. #29-3. Plaintiff wrote Meisner again about Wesner's role on December 22. Dkt. #29-4. On December 23, 2015, Meisner responded that he had not yet received the inmate complaint examiner's recommendation with respect to plaintiff's inmate complaint.

On January 12, 2016, the inmate complaint examiner rejected plaintiff's inmate complaint because (1) the security director had reviewed the conduct report, which meant that an impartial party had been involved, and (2) the complaint fell outside of the scope of the inmate complaint review system because an inmate may not appeal an uncontested disposition of a conduct report to which he had agreed. Dkt. #28-4 at 2. Plaintiff filed a timely appeal on January 16, arguing that even though he had not contested the merits of the conduct report, the inmate complaint review system was the appropriate forum for him to challenge the procedure used during the disciplinary process. Id. at 14-15. Meisner

4

affirmed the reviewer's rejection of the appeal on January 20, 2016. On January 27, plaintiff's December 28 inmate complaint was rejected for the same reasons.

### C. Additional Complaints Regarding Both Conduct Reports

On October 10, 2016, plaintiff submitted an "inmate complaint by law" to the Secretary of the Department of Corrections under Wis. Stat. § 301.29(3), challenging the merits of the 2015 conduct reports. Dkt. #29-1 at 1-2. The complaint was rejected.

On December 14, 2017, plaintiff submitted inmate complaint RGCI-2017-31695, in which he stated for the first time that Chase and Wesner issued the 2015 conduct reports in "retaliation for the exercise of [his] first amendment right to associate with a former DOC employee." Dkt. #28-6 at 8-9. The inmate complaint examiner rejected the complaint as untimely. Id. at 6. Plaintiff appealed the rejection, and the reviewer's decision to reject the complaint as untimely was accepted by Meisner on December 31, 2017.

After his transfer to Fox Lake Correctional Institution in June 2018, plaintiff filed an inmate complaint on August 8, complaining that his requests to have Johnston placed on his visitation list had been denied unjustly. On August 18, 2018, plaintiff filed a request for a warden-initiated review of the 2015 conduct reports, alleging in part that Chase and Wesner had retaliated against him in issuing the conduct reports. On August 20, Warden Hepp responded by noting that a warden-initiated review was not an alternative form of appeal and that he found no basis for modifying the disposition of the 2015 conduct reports.

On February 9, 2019, Hepp denied plaintiff's request to add Johnston to his

visitation list. Plaintiff's subsequent inmate complaint challenging the denial was dismissed.

OPINION

A. Legal Standards

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following the instructions for the filing of an initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

An inmate cannot raise any issue in an inmate complaint relating to a conduct report unless he first exhausts the disciplinary appeal process. Wis. Admin. Code § DOC 310.08(2) (vers. eff. Jan. 1, 2015 through Mar. 2018); Tonn v. Meisner, 2015 WL 8207513, at *4

6

(W.D. Wis. Dec. 7, 2015), aff'd, 669 Fed. Appx. 800, 2016 WL 6393495 (7th Cir. 2016). Under the disciplinary appeal process, an inmate must appeal the disposition of a contested conduct report to the warden within 10 days of receiving a copy of the written decision. Wis. Admin. Code § DOC 303.82(1)(vers. eff. Jan. 1, 2015 through Mar. 2018). However, "[a]n inmate may not appeal an uncontested disposition to which he or she has agreed." Wis. Admin. Code § DOC 303.78(5) (vers. eff. Jan. 1, 2015 through Mar. 2018). Although the disciplinary appeal process permits the warden to self-initiate a review of the disposition of a conduct report and act on it unilaterally, there is no provision requiring the warden to do so. Wis. Admin. Code § DOC 303.89 (vers. eff. Jan. 1, 2015 through Mar. 2018).

After exhausting the disciplinary appeal process by filing an appeal with the warden, an inmate may file an inmate complaint only to challenge the procedure used in the disciplinary process. Wis. Admin. Code § DOC 310.08(3) (vers. eff. Jan. 1, 2015 through Mar. 2018). In addition, an inmate may use the inmate complaint review system to raise "significant issues" regarding "civil rights." Wis. Admin. Code § DOC 310.08(1) (vers. eff. Jan. 1, 2015 through Mar. 2018). An inmate complaint must be filed within 14 calendar days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6) (vers. eff. Jan. 1, 2015 through Mar. 2018). In addition, the inmate complaint must clearly identify the issue that the inmate seeks to raise. Wis. Admin. Code § DOC 310.09(1)(e).

B. <u>Exhaustion of Claims</u>

Plaintiff is proceeding on claims that (1) defendants Daisy Chase and Andrew Wesner

7

each filed a false conduct report against him in 2015 in retaliation for his having a relationship with Johnston, a former correctional employee; and (2) defendants Jon Litscher, Michael Meisner, Steven Schueler and Randall Hepp refused to take any action to address the allegedly false conduct reports. As defendants point out, plaintiff did not challenge his conduct reports on their merits at a disciplinary hearing. Rather, he knowingly waived his right to a contested major disciplinary hearing and admitted his guilt in conjunction with both conduct reports.

Although plaintiff could not appeal the uncontested dispositions to which he had agreed, he asked the warden to initiate a review of the disposition of both conduct reports and filed an inmate complaint alleging procedural due process violations by Wesner. Plaintiff failed to allege in any of these complaints that Chase and Wesner issued the conduct reports in retaliation for his having a relationship with Johnston. In fact, he did not file an inmate complaint with respect to retaliation until December 2017, almost two years after the deadline for doing so. Flores v. Gardner, 2018 WL 4853038, at *3 (W.D. Wis. Oct. 5, 2018) ("To exhaust a retaliation claim, specifically, an inmate 'at a minimum . . . must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'"). Plaintiff's subsequent inmate complaints and requests for a warden-initiated review under § DOC 303.89 also were untimely and fell outside the required administrative appeal process.

Plaintiff argues that he did not have to exhaust his administrative remedies with respect to retaliation because the inmate complaint review system only permitted him to file

a complaint challenging the procedure used in the disciplinary process and not the merits of the conduct reports themselves. He also contends that Correctional Officer Corey Heft "misled him into believing that he had done all he needed to initiate the grievance process." Neither argument is persuasive. As an initial matter the information that Heft provided to plaintiff was correct: the disposition of a conduct report is not appealable except on procedural grounds once an inmate waives his disciplinary hearing and agrees to the disposition. If the conduct reports were false and unjustified and issued in retaliation, as plaintiff contends, it was his obligation to challenge the substance of the conduct reports during the disciplinary appeal process.

Contrary to plaintiff's assertion, this case is not like LeBrec v. Walker, 16-cv-774-jdp, 2017 WL 4174918 (Sept. 20, 2017), in which this court addressed a situation in which an inmate agreed that he was guilty of the behavior described in the conduct report (assaulting his cellmate) but wanted to complain about other officers' failure to protect him from his cellmate. In that case, the court reasoned that because inmates do not have a constitutional right to raise self-defense in a disciplinary hearing, the inmate's claim did not relate to the conduct report. Id. at *2-3. Here, plaintiff contends that he is not guilty of the substance of the conduct reports, and his retaliation claims are tied directly to the validity of the conduct reports.

Finally, plaintiff's brief contention that his complaint falls under a "continuing violation doctrine" because he complained "about an ongoing denial of visitation" with Johnston is misplaced. Plaintiff is not proceeding on claims that he was unjustly denied

visitation with Johnston. Rather, his claim is that the 2015 conduct reports were false and unjustified and that defendants issued them in retaliation for engaging in a relationship with Johnston. Although plaintiff may believe that he suffered other types of harm related to his requests for visitation, that conduct is separate and distinct from the issuance of the conducts reports in 2015. Accordingly, I am dismissing this case without prejudice because plaintiff failed to exhaust his administrative remedies with respect to his claims. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that defendants' motion for summary judgment, dkt. #26, is GRANTED. Plaintiff Paul Nigl's complaint is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies. Plaintiff's motion for leave to amend his complaint, dkt. #34, is DENIED as moot.

Entered this 19th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge